## 12065

### GREGORY v. McINNIS, *ET AL.*

#### (134 S. E., 527)

1. Mandamus—Circuit Court Held to Have Jurisdiction of Action Against Board of Veterinary Examiners, Though None of Board Resided in County (Code Civ. Proc., 1922, § 377, Subd. 2).—Under Code Civ. Proc., 1922, § 377, Subd. 2, Circuit Court *held* to have jurisdiction of action to compel state board of veterinary examiners to issue license, though none of board resided in county where suit was brought.

2. Physicians and Surgeons.—Failure of nongraduate veterinary practitioner to file, within six months allowed, affidavits required by Civ. Code, 1922, § 2475, *held* to warrant board of examiners' denial of license.

3. Physicians and Surgeons.—Veterinary's violation of Harrison Narcotic Act (U. S. Comp. St. §§ 6287g–6287q) *held* gross "malpractice," within Civ. Code, 1922, § 2476, justifying denial of license.

4. PHYSICIANS AND SURGEONS.—"Malpractice" means any professional misconduct, unreasonable lack of skill or fidelity in professional or fiduciary duties, evil practice, or illegal or immoral conduct.

Before TOWNSEND, J., Richland, March, 1925. Reversed and petition dismissed.

Action for mandamus by H. L. Gregory against Benjamin McInnis and others, members of State Board of Veterinary Examiners. From an order allowing the writ, respondents appeal. Reversed and petition dismissed.

The following is the order appealed from:

This matter came before me twice. First, on application for writ of mandamus in May, 1921, to compel the board to issue a license to the petitioner, H. L. Gregory, to practice veterinary medicine in the State of South Carolina. Upon the hearing, I was of opinion that the affidavits which had been filed within the six-months' period, as required by the act, and which were intended to comply with the terms thereof, did not, in fact, comply with the terms thereof, and refused to issue the mandamus, but passed an order permitting the petitioner to renew application to this court for the mandamus. Thereafter the petitioner filed with the board five affidavits which were admitted to be in compliance with the terms of the act, said affidavits having been filed on June 1, 1921. Thereafter the petitioner was notified by the respondents, in November, 1922, that his application had been refused, and that a license would not be issued him. Accompanying the affidavits of petitioner were the fees required to be paid by the act.

Upon this refusal the petitioner, in compliance with the order of this Court, renewed his application for the issuance of mandamus against the respondents, and a rule to show cause was issued by the Court, and the matter was continued from time to time and was finally heard on March 19, 1925.

The respondents took three positions before the Court: First, that the Court was without jurisdiction to hear and

determine the matter on account of the fact that none of the members of the board resided in Richland County and maintained no office there, and that the matter was not therefore properly triable in Richland County; second, that the affidavits not having been filed in the six-months' period, the board was compelled to refuse the issuance of a license, under the provisions of the act, without the petitioner stood an examination; third, that the petitioner having been convicted of a violation of the Harrison Narcotic Act and sentenced to serve the term of one year in the Federal prison constituted such gross immorality or gross malpractice, as would warrant the board in refusing to issue the license to the petitioner.

The first contention of the respondents is untenable for the reason that the board of which they are members is a public office created by statute, and each member of the board is a public officer, within the terms of the statute. Section 377, subd. 2, Code of 1922, Vol. 1, provides that the following causes of action must be tried in the county where the cause, or some part thereof, arose: "2. Against a public officer, or person especially appointed to execute his duty, for an act done by him in virtue of his office, or against a person who, by his command or his aid, shall do anything touching the duties of said officer."

It will be clearly seen from the above that the only question before the Court is as to where the cause of action arose in the above matter. It is admitted that the petitioner is a resident of the County of Richland, and it is further shown by respondent's letter that the respondents had a meeting in the Jefferson Hotel at Columbia, S. C., on November 22 and 23, 1922, and refused to issue to petitioner the license to practice veterinary medicine in the State of South Carolina. It therefore clearly appears that the cause of action which is one against a public officer, arose within the County of Richland, and therefore the matter is triable in the County of Richland. The Court is, therefore, of the opinion that

the matter is properly triable in the County of Richland where the cause of action arose, the same being against a public officer and included in the above quoted section.

The second contention of the respondent is that the petitioner failed to file within the six-months' period affidavits in compliance with the statute, and therefore that they have no discretion except to refuse petitioner the license to practice. It was shown that the petitioner filed with the board affidavits within the six months, which I find complied in a measure with the act, but not completely. It is further admitted that some time thereafter, the exact time not appearing, the board refused to issue the license upon the affidavits filed, and then petitioner applied to the Court for relief.

Under the order of the Court, above recited, petitioner filed affidavits which respondents admitted complied with the act, except as to the six-months' period. The clear intention of the Legislature was to permit all persons who had been practicing veterinary medicine for five years next before the passage of the act to be permitted to practice without the necessity of standing an examination.

The petitioner attempted to comply with the provisions of the act, and there is no serious contention that he was not within the terms thereof. It would be a very harsh rule which would prohibit the petitioner from filing additional affidavits as to his qualifications, when preliminary affidavits had been filed well within the time. The board, upon receiving affidavits which were not in proper form, could hold the same, if they so desired, for the six-months' period and absolutely bar any person from obtaining the license under the act. The power of the board under section 4 of the act is limited, and the act says that the board shall issue the license upon the act being complied with. The duty of the board was and is purely ministerial upon the terms of the act being complied with. The terms of the act have been complied with in this case.

5—S. C. 140

The third contention of the board is that petitioner having been convicted under the Harrison Act of a violation thereof and having been sentenced to serve one year in the Federal prison, and having duly served his sentence thereunder, this conviction would constitute such gross immorality or gross malpractice as would warrant the refusal of the license.

To hold that the mere conviction of a violation of a police regulation would constitute gross immorality or gross malpractice, as contemplated under the act, in the opinion of the Court would be unreasonable. The sole evidence of gross immorality or gross malpractice was based upon such conviction, which, in the opinion of the Court, is totally insufficient to warrant such conclusion.

It is therefore ordered, adjudged, and decreed that the respondents herein, constituting the board of veterinary examiners of the state of South Carolina, do forthwith issue to the petitioner herein a license to practice veterinary medicine under the said act.

W. H. Townsend, Resident Judge of the Fifth Judicial Circuit.

Columbia, S. C., March 20, 1925.

*Mr. W. D. Barnett,* for appellants.

*Mr. C. T. Graydon,* for respondent.

September 10, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The petitioner, H. L. Gregory, who is the respondent here, having been refused license to practice veterinary medicine and surgery by the State Board of Veterinary Examiners, made application to Hon. W. H. Townsend, Circuit Judge, for a mandamus, requiring that board to issue the license applied for by him. The board was required to show cause before Judge Townsend, and thereafter made a return to the petition.

In the petition, it was alleged that the petitioner had complied with the requirements of the act of the General Assembly of the year 1920, now ·found in Volume 3 of the Code of 1922, as Article 4, Sections 2472 to 2482, both inclusive. It appears that the petitioner is not a graduate of a recognized veterinary college, but he claims to come within the provisions of Section 2475 of the article mentioned, wherein it is provided that, within a certain time, practititioners of veterinary medicine and surgery, who are not graduates of recognized veterinary colleges, may, under certain circumstances, be licensed.

, The State Board of Veterinary Examiners, in their return to the petition, set forth the following matters, briefly stated :

(1) A denial of the jurisdiction of the Court in the cause, for the reason that none of the respondents reside in Richland County, where the proceedings was instituted.

(2) That the petitioner had not complied with the requirements of the statutes for obtaining the license applied for, since he had not, within the time permitted by law, filed proof as to his practice of veterinary medicine and surgery for the required time by affidavits of five freeholders.

(3) That the license desired by the petitioner had also been refused on the ground of "gross immorality and gross malpractice," it being alleged that the petitioner, on November 18, 1920, subsequent to the enactment of the Statutes pertaining to the practice of veterinary medicine and surgery, had been convicted in the District Court of the United States for the Eastern District of South Carolina, for violations .of the Harrison Narcotic Laws of the United States, by illegally dispensing narcotics while a veterinary surgeon, and, as a result of his said conviction, had served a sentence in the United States penitentiary at Atlanta, Ga.

It appears that all the facts are admitted by both the petitioner and the State Board of Veterinary Examiners.

After a hearing of the matter; his Honor, Judge Townsend, passed an order requiring the issuance to the petitioner

of the license sought by him. That order will be reported. The State Board of Veterinary Examiners has appealed therefrom to this Court.

For the reasons stated in his order, we think the Circuit Judge was correct in holding that he had jurisdiction in the matter, and the exception raising the question of jurisdiction is overruled.

The exception making the question that the petitioner had not complied with the requirements of the Statutes is sustained, under the authority of the case of *Ex parte Tracy E. Oliver,* 134 S. E., 657, in the original jurisdiction of this Court, the opinion in which was filed on June 1, 1925. The respondent here was granted leave to review and criticize that case, but the Court sees no reason to reverse the holdings made therein, and the case is hereby affirmed.

Another exception questions the holdings of the Circuit Judge that a license to the petitioner should not have been refused, because of "gross malpractice" alleged against him. In Section 2476 of Article 4 of the Statues, there is this provision:

"The said board shall have the right to refuse to issue a license to any applicant upon the grounds of gross immorality or gross malpractice, and shall have like power, upon satisfactory cause shown, to revoke such license on said grounds after due hearing."

It is undisputed that on November 18, 1920, subsequent to the enactment of the Statutes relating to the practice of veterinary medicine and surgery, the petitioner, H. L. Gregory, was convicted in the District Court of the United States for the Eastern District of South Carolina, of violations of the Harrison Narcotic Law (U. S. Comp. St., Sections 6287g-6287q) an enactment of the Congress of the United States, in that he "unlawfully, knowingly, and willfully did sell, barter and give away, to divers persons * * * large

quantities of morphine sulphate * * * contrary to the form of the Statutes of the United States."

While it is true, as held by the Circuit Judge, that the Harrison Act is a police regulation, we disagree with him that the violation of that act does not constitute "gross malpractice." The use of opium as necessary for relief of pain has been known for many years, but it is also well recognized that the abuse of this powerful drug is attendant with great danger to the health, happiness, morals, and peace of the people. The purpose of the Harrison Act was to allow the use of the drug when needful, but to guard against its indiscriminate dispensation, and to prevent the evil effects which it produced. To carry out the idea of placing the drug within the reach of those lawfully entitled to have it administered to them, provisions are made in the law for its being prescribed and dispensed by physicians, dentists, and veterinary surgeons. It is well known that an unscrupulous physician, dentist, or veterinarian has great opportunities to circumvent the intention of the law, and that the traffic in opium is financially fruitful. While a veterinary surgeon may do great good with this powerful medicine in the relieving of dumb animals from their sufferings, he may bring about great harm to human beings, and to the peace of the State, by dispensing and bartering the drug illegally. We do not know of any higher evidence which could have been offered to the State Board of Veterinary Examiners of the guilt of the petitioner of the charges brought against him than the verdict of a jury of his peers, which was approved by the District Judge of the United States Court.

The only legal question pertaining to this matter is whether or not the offenses charged against the petitioner, and of which he was convicted, were such as to establish that he was guilty of "gross malpractice." The term "malpractice" is defined in Corpus Juris, as follows:

"Any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or

fiduciary duties; evil practice; illegal or immoral conduct; improper or immoral conduct; misbehavior; objectionable practice; practice contrary to established rules; practice contrary to rules; wrongdoing. Malpractice may be either willful, negligent, or ignorant." 38 C. J., 519.

We think the crime of which the petitioner was convicted showed that he had done "professional misconduct"; certainly it was "illegal conduct"; it was also "objectionable practice," and "practice contrary to established rules." The jury, who tried him, found that his acts were "willful." The exception, which complains of the finding of the Circuit Judge that the petitioner was not guilty of "gross malpractice," is sustained.

The judgment of this Court is that the order of his Honor, the Circuit Judge, be, and the same is, hereby reversed, and the petition of the petitioner, H. L. Gregory, is dismissed.

MR. CHIEF JUSTICE GARY, and MESSRS. ASSOCIATE JUSTICES WATTS and STABLER concur.

MR. JUSTICE COTHRAN. I concur in the result upon the ground that the applicant did not comply with the Statute. I am not disposed to hold that to the sentence of a year in prison and $1,000 fine there should be added the destruction of his vocation.