13014

THAYER v. STATE HIGHWAY DEPARTMENT *ET AL.*

(155 S. E., 832)

*Messrs. James S. Verner* and *John E. Edens* for peti-
tioners,

*Messrs. C. T. Graydon, John M. Daniel, Attorney General, Cordie Page and J. Ivey Humphrey, Assistants to the Attorney General,* for the respondent.

November 4, 1930.

The opinion of the court was delivered by MR. JUSTICE BLEASE.

Under the provisions of Section 16 of Article 3 of Act No. 297 of the General Assembly, approved March 14th, 1929, entitled "An Act to Provide for the Construction and Maintenance of the State Highway System and for the Payment, with Interest, of Certain Obligations of the State Highway Commission and of Counties and Highway or Bridge Districts Arising from the Construction of Highways, and for These Purposes to Authorize the Issuance of Evidences of Indebtedness of the State, to Divide the State into Two Highway Districts, to Authorize the Issuance of Evidences of Indebtedness of These Districts, to Appropriate and Provide for the Disposition of the Gasoline Tax and Motor Vehicle License Fees and Other Revenues, and to Provide for the Administration and Operation of the State Highway Department" (36 Stats. p. 670), his Excellency, the Governor, has the power to designate "a certified public accountant, or firm of certified public accountants," to audit at least once a year the accounts of the State Highway Department.

Pursuant to the authority mentioned, his Excellency, Governor John G. Richards, at the proper time, designated William H. James, doing business as William H. James & Co., as the certified public accountant to make the audit required under the law.

The costs and expenses of the annual audit of the State Highway Department are to be paid by that department out of its funds, under the provisions contained in the section mentioned.

The petitioner, a citizen and taxpayer of this State, filed his petition in the original jurisdiction of this Court for an order of injunction restraining James, or any one employed by him, from making the audit of the State Highway Department's books and accounts, on the ground that James, and none of his employees, were duly registered as a certified public accountant, under the laws of the State of South Carolina.

This proceeding was heard along with the case of *William H. James, etc., Petitioner, v. State Board of Examiners of Public Accountants et al.,* 158 S. C., 491; 155 S. E., 830, the opinion in which is filed herewith. The Court having held that James was entitled to a certificate as a certified public accountant, which certificate should have been issued to him prior to his designation by the Governor to audit the books and accounts of the State Highway Department, it follows, in our opinion, that the petitioner is not entitled to the injunction he seeks.

The judgment of this Court is that the petition be, and the same is hereby, dismissed.

MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.