13015

JAMES v. STATE BOARD OF EXAMINERS OF PUBLIC
ACCOUNTANTS *ET AL.*

(155 S. E., 830)

*Mr. C. T. Graydon,* for petitioner.

*Messrs. John M. Daniel, Attorney General, Cordie Page and J. Ivey Humphrey, Assistants to the Attorney General,*

November 4, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The petitioner, William H. James, presented his petition

in the original jurisdiction of this Court, asking for a mandamus to require and compel the South Carolina Board of Examiners of Public Accountants to issue to him a certificate as a certified public accountant, under the terms of the statutes pertaining to and regulating the practice of their profession by certified public accountants. Upon the presentation of the petition, the writer of this opinion made an order requiring the respondents to show cause at the October term of this Court, if any they had, why the petition should not be granted. On behalf of the respondents, the Attorney General of the State filed return to the petition, and the matter was thereupon heard by the Court.

The cause involves the construction of certain provisions contained in Sections 2886 to 2900, both inclusive, of Article 2, c 28. of Volume 3 of the Civil Code of 1922, headed, "Certified Public Accountants," and the Act of the General Assembly, amending certain provisions of those sections, entitled, "An Act to Amend Sections 2891, 2897, and 2900 of Article 2, Code of Laws of South Carolina, 1922, Volume III, Relating to Certified Public Accountants," approved April 1, 1930 (36 St. at Large, p. 1315).

It is asserted by the petitioner, and apparently conceded by the respondents, that the petitioner, although born and reared in South Carolina, is now a nonresident, residing in the city of Atlanta, Ga.; that he is a properly licensed and registered certified public accountant of the States of Georgia, Tennessee, and North Carolina; that for around thirteen years he has practiced the profession of certified public accountant in various States of the Union, and is qualified, except as hereinafter stated, to meet the requirements for obtaining a certificate under the laws to engage in the business of his profession in this State; and that upon numerous occasions he has practiced his profession in this State. It seems further established that the petitioner, beginning on April 23, 1930, has repeatedly attempted to secure from the respondents the certificate required under the statutes, to

which he felt himself entitled. His efforts were made mainly by correspondence with the members of the State Board of Examiners of Public Accountants, and by attempts to see some of the members in person.

Under the law, the board is required to hold at least one regular meeting every year, and May 15th was fixed as the date of that meeting. The petitioner did not present the usual application on the form required by the board, but his letters gave all the information required under the statutes, and under the regulations of the board, except in the one particular later referred to. The record shows that the petitioner attempted to get the required form of application, but it was not furnished to him until some time after the meeting of the board had been held.

The respondents refused to issue the certificate. mainly for the reason that the petitioner did not show that he had an office located within the State of South Carolina, and that this was necessary under the regulations made by the board, which requirement the respondents allege was not only proper to be made by them, but in harmony with the statutes under which they received their authority and by which they are governed. The disposition of this one question, in our opinion, will determine the cause, and it is not necessary to discuss any other incidental matter.

The statutes provide for the granting of certificates to residents of the State and also to nonresidents. The provisions as to the granting of certificates to nonresident certified public accountants, who are properly qualified to practice in this State, are found in Section 1 of the amendatory Act mentioned above, and are as follows:

"Provided. That the Board may, in its discretion, upon application in writing, waive the examination and issue a certificate to any person who has the qualifications required by this Article and the rules of the Board, except residents in South Carolina, when such persons shall submit to said Board such evidence as to said qualifications as may be re-

quired by and be satisfactory to the Board, and when such person for not less than three years has had the degree of certified accountant or chartered accountant, issued by or under authority of another State or foreign nation, and such certificate was issued with the approval of the State Board of Accountancy or Examiners of the State or nation issuing same: And Provided, further, That the standards prescribed by law or the rules and examinations conducted are, in the opinion of the Board, fully equivalent to the standards in this State. * * * And Provided, further, That any nonresident of South Carolina obtaining a certificate in this State under the provisions of this Section shall pay such application, certificate, and annual license fees as are required of bona fide residents of this State, and shall be subject to such regulations and restrictions as are required of bona fide residents of South Carolina, recipients of certificates of registration under this Article."

Our examination of the statutes fails to disclose any requirement contained therein that a nonresident certified public accountant, properly qualified in all other respects to practice the profession, must maintain an office in this State. It appears, therefore, that the respondents have placed an additional requirement upon nonresidents which is not in harmony with the statutory provisions. We do not regard this additional requirement as a reasonable one. A certified public accountant may do his work without the necessity of maintaining an office of his own in South Carolina. In fact, his work is most usually done at places of business of his clients.

The purposes of the statutes under consideration, as we view them, were to protect real certified public accountants from the competition of persons engaged in the accounting business who were not certified public accountants, and to protect the people generally from having audits made by persons who were not certified public accountants when it was desired to have such audits by only

that class of accountants. We find nothing in the law which would justify us in holding that a nonresident certified public accountant, duly qualified in all respects to practice his profession in our State, must actually maintain an office in South Carolina. If the statute had a requirement of that kind therein, it might result in a holding that the enactment contravened the provisions of the Constitution of the United States for the reason that it discriminated against citizens of the United States who happened not to be residents of this State. Of course, this Court will always seek to hold an Act of the General Assembly as coming within the provisions of the Constitutions of this State and the United States, and will read its language with that purpose in mind.

We think the cause entirely controlled by the decisions of this Court in *State ex rel. Mauldin v. Matthews,* 81 S. C., 414, 62 S. E., 695, 696, 22 L. R. A. (N. S.), 735, 128 Am. St. Rep., 919, 16 Ann. Cas., 132. The petitioner, Mauldin, in that case, asked and was granted a writ of mandamus to require the board of pharmaceutical examiners to grant him a license to practice pharmacy. Much of what was said by Mr. Justice Woods, there speaking for the Court, touched generally the rights and powers of boards, like the Board of Pharmaceutical Examiners and the State Board of Examiners of Public Accountants. We quote from him certain language, announcing certain principles which we are content to follow, and which are conclusive of the issues raised herein:

"The Courts should exercise, however, the utmost circumspection not to substitute their own discretion for that of the officers or board whose refusal to act is under consideration, and to interfere by mandamus only when the facts so clearly show the duty of the officer or board to act that there is really no room for the exercise of reasonable discretion against the doing of the act which the Court is asked to require performed. In other words, the Courts

496

should interpose only where it clearly appears that the officer or board refuses to perform official duty or so misconceives official power or duty that the purpose of the law will be defeated. The practice of pharmacy being a legitimate and useful business, it was clearly not within the legislative intent that any citizen should be excluded from it by the arbitrary will of the board of examiners. The board subjects itself to being held within its duties by mandamus when it so misconceives its duties and power that its exactions amount to imposition on the applicant of terms and conditions not contemplated by the statute."

It is the judgment of this Court that the petitioner is entitled to the writ of mandamus he seeks, and the same will issue accordingly.

Messrs. Justices Cothran, Stabler and Carter concur.