13185

TOWN OF WEST GREENVILLE v. JONES *ET AL.*

(159 S. E., 551)

194

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistants Attorney General,* for appellants,

*Messrs. Bowen & Bryson* and *Wilton H. Earle,* for respondent,

June 23, 1931.

The opinion of the Court was delivered was Mr. Justice Carter.

This action, by the Town of West Greenville, a municipal corporation of the State of South Carolina, commenced in the Court of Common Pleas for Greenville County, May, 1930, against the members of the State Highway Commission, the Chief Highway Commissioner, and the State Highway Department of South Carolina, is an action for a writ of mandamus, requiring the defendants to pay the plaintiff the cost for paving a certain street in the said town, which street, the plaintiff alleges, composes a part of the State Highway System. The plaintiff bases the action upon Act No. 219, approved March 4, 1929 (36 St. at Large, 247), and Act No. 731, approved March 21, 1924 (33 St. at Large, 1193). The matter came before his Honor, Judge T. J. Mauldin, on application for a rule, which his Honor granted, and, pursuant to the rule thus issued, the matter was heard before his Honor, Judge Mauldin, July, 1930, on

the complaint and amendments allowed thereto, affidavits in support thereof, and demurrer, return, and answer filed by the defendants. Upon consideration, the trial Judge overruled the defendants' demurrer, adjudged the return insufficient, and issued a writ of mandamus, granting unto the plaintiff the relief sought. From the order issued by his Honor, Judge Mauldin, the defendants have appealed to this Court.

Under our view of the case, it is unnecessary to discuss the several exceptions presented by the appellants, but consider it sufficient to state that, in our opinion, the trial Judge reached a correct conclusion in the case, and, in the main, we agree with the order issued. See Volume 1, Code, 1922, § 377, Subdivision 2; *Gregory v. McInnis,* 140 S. C., 52, 134 S. E., 527; *James v. State Board of Examiners of Public Accountants et al.,* 158 S. C., 491, 155 S. E., 830. There is, however, one matter we wish to mention. Appellants, in accordance with question raised by the exceptions, contend that only about one-half of the pavement in question is included in the State Highway System, and that therefore an affirmance of the order of the Circuit Judge would mean the requirement of the appellants to pay double the amount that they should be required to pay, in the event the town is entitled to reimbursement. The record is not very clear as to the description of the pavement included in the highway system, and, for that reason, we desire to state, by way of interpolation, that there was no intention on the part of the trial Judge to allow the plaintiff reimbursement for any pavement not in the highway system, and, if it should hereafter be made to appear that any portion of the pavement referred to in the pleadings in the case or in the order issued by his Honor, the trial Judge, is not in the highway system, the parties hereto shall have the right to correct such matter, and for that purpose may take such action as they may be advised.

With this interpolation and this modification, it is the judgment of this Court that the order appealed from be, and is hereby affirmed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.

MR. JUSTICE COTHRAN disqualified.