**In Re Ronald A. PAGANO, Debtor.**

**Nora MOORE and Donald Moore, Plaintiffs,**

**v.**

**Ronald A. PAGANO, Defendant.**

**Bankruptcy No. 3–87–0271.**
**Adv. No. 3–87–0098.**

United States Bankruptcy Court, S.D. Ohio, W.D.

March 25, 1988.

John I. Brichacek, New Carlisle, Ohio, for plaintiffs.

Randy L. Reeves, Lima, Ohio, for defendant.

DECISION AND ORDER GRANTING SUMMARY JUDGMENT OF PLAINTIFF ON LIABILITY AND DENYING SUMMARY JUDGMENT OF DEFENDANT

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the Court upon cross Motions for Summary Judgment by plaintiff and defendant with accompaning memoranda and exhibits, affidavits and attachments. This matter arises under 28 U.S.C. § 1334(b) and the general order of reference entered in this district. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), determinations as to the dischargeability of particular debts. This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FACTS

The Court finds the following facts:

1. The Plaintiffs engaged defendant to represent them in recovery for a personal injury suffered by Nora Moore in a collision which occurred on January 27, 1983. Ronald A. Pagano is the defendant, debtor and was an attorney practicing law in July 1983 when he accepted the case.

2. Defendant negotiated with Grange Insurance Company, the insurance carrier of the owner of the other vehicle involved in the collision, over a period of many months after July, 1983.

3. On or about March 12, 1984 Defendant called George Frost, claims adjuster of Grange Mutual Insurance Company, the insurance carrier of Ruby K. Pence, and offered to settle the claim for $10,000.00 if the settlement could be completed expeditiously. Defendant drove from Troy to Dayton on or about March 12, 1984 and received from Mr. Frost a check for $5,000.00 payable to Nora Moore and attorney Ronald A. Pagano and a second check for $5,000.00 payable to Nora Moore and Nationwide Insurance Company.

4. Defendant forged the signatures of the payees on the checks except for his own and cashed the check. Defendant gambled and lost all the money in Las Vegas, Nevada shortly after obtaining the $10,000.00.

5. After conversion, Nora Moore maintained contact with defendant concerning her claim. Defendant misrepresented to her that negotiations on the claim were in progress.

6. In early 1985, after the statute of limitations had run on the Moore claim, defendant fabricated a complaint with a ficticious case number and file stamp in a state court, a copy of which he gave to Nora Moore to support his misrepresentation that he had filed suit in November, 1984 against Ruby K. Pence. In fact defendant had not filed a law suit and the statute of limitations had run.

7. In May, 1985 Nora Moore filed suit against Ruby K. Pence in Champaign County, Ohio. That suit was dismissed because the two year Ohio statute of limitations for a personal injury had run in January 1985. In late July or early August, 1985, defendant was arrested and entered a guilty plea to charges arising from the conversion of Nora Moore's money.

8. A few days before the arrest in a telephone conversation Nora Moore and defendant discussed her willingness to settle the case for $12,500.00.

9. Nora Moore and her husband sued Ronald A. Pagano in Miami County Ohio Common Pleas Court for compensatory and punitive damages totaling $175,000. Miami County Common Pleas Court granted summary judgment to Nora Moore and Donald Moore on the issue of liability on January 6, 1987 finding as follows:

> [F]urther, it is undisputed that the defendant did in fact fail to timely file a claim under which he was retained to pursue, but in fact did compromise the claim, convert all of the funds to his own purposes through forgery, was subsequently convicted of criminal offenses in relation to this case, and did in fact commit legal malpractice. Based upon those materials which are properly before the Court, the Court would find that as to the question of liability, reasonable minds could come to but one conclusion, and after construing the evidence most favorably for the defendant, the Court would find that that conclusion would be adverse to the defendant and that no genuine issue as to any material fact as to defendant's malpractice exists.
>
> Accordingly, it is hereby ordered, adjudged and decreed that judgment be rendered for the plaintiff and against the defendant on the issue of liability. The matter of damages is a question for the tryor (sic) of fact and that issue shall be submitted to the jury pursuant to the demand as requested by the parties.

10. Defendant filed his petition in bankruptcy under Chapter 7 in 1987 before the case proceeded to the hearing on the damages.

## CONCLUSIONS OF LAW

The competing motions for Summary Judgment are governed by Fed.R.Civ.P. 56, which reads in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law.

The material supporting the Motion for Summary Judgment must be viewed in the light most favorable to the party opposing the motion. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). In this case the competing motions arise from defendant's contention that the Court of Common Pleas of Miami County, Ohio granted summary judgment to the plaintiff on the issue of liability stating "plaintiff's complaint establishes a cause of action in legal malpractice." Defendant maintains the only issue undecided by the Miami County Common Pleas Court was the damages. Defendant concedes in his memorandum that all other issues are res judicata between the parties and that if any damages exist they must be found dischargeable as damages for legal malpractice.

Plaintiffs base their motion for Summary Judgment on the decision of the Miami County Common Pleas Court granting Summary Judgment to the Plaintiffs pursuant to the acts of the defendant acting as a fiduciary to the plaintiffs which created the debt as one nondischargeable under 11 U.S.C. § 523(a)(4).

Bankruptcy Courts have exclusive jurisdiction on the question of dischargeability of debt under section 523(a)(4). 11 U.S.C. § 523(c). This Court, therefore, is required to review all documentary evidence submitted in support of the Motions for Summary Judgment.

### I—DEFENDANT'S MOTION

■ Defendant contends that plaintiffs have received more than they intended in a settlement. The affidavit and the other documents submitted with the motions indicate that the plaintiffs claim medical expense of approximately $6,900.00 and lost wages of approximately $7,000.00, that Nationwide Insurance paid plaintiffs $5,000.00 and Grange Mutual Insurance Company paid plaintiffs $10,000.00. Plaintiffs have received more than the total medical expense and lost wages incurred. Defendant further contends that the fee agreement between plaintiffs and defendant provided for a 25% fee upon settlement, which should be deducted from settlement. Defendant contends plaintiffs therefore, have received more than they would have received in a net settlement for $12,500 after payment of an attorney fee.

This analysis of damages ignores the claim of plaintiffs for compensatory damages in this Court and in the original action in the Miami County Common Pleas Court, and for punitive damages. There is a dispute in fact as to the compensatory damages. Plaintiff contends damages are $65,-000.

Defendant in acknowledging Judge Hooper's Summary Judgment as to liability places too restrictive a meaning on the words "legal malpractice" as used in the court's decision. A reading of the entire decision of the Miami County Court gives a clearer understanding of the court's decision. The Court stated on Page 2 of the decision (plaintiffs attachment A–1 to its Motion for Summary Judgment):

> [I]t would appear to the Court that the plaintiff's complaint establishes a cause of action in legal malpractice. Further, it is undisputed that the defendant did in fact fail to timely file a claim under which he was retained to pursue, but in fact did compromise the claim, convert all the funds to his own purposes though forgery, was subsequently convicted of criminal offenses in relation to this case, and did in fact commit legal malpractice.

Defendant seeks to restrict the definition of legal malpractice to a negligent act. Negligence is included within the term "malpractice" but intentional acts also constitute malpractice.

Black's Law Dictionary, Revised Fourth Edition, defines malpractice as follows:

> "Malpractice. Any professional misconduct, unreasonable lack of skill or fidelity in professional or fiduciary duties, evil practice, or illegal or immoral conduct." *Gregory v. McInnis*, 140 S.C. 52, 134 S.E. 527, 529.

It is obvious from this description that malpractice includes illegal acts as well as neg-

ligent ones. Defendant's forgery of Nora Moore's signature on the settlement check, conversion of the funds to his use for gambling purposes, and concealment and deception about filing the law suit certainly encompass the illegal acts contemplated by the term "malpractice." Judge Hooper recited the defendant's intentional acts in arriving at the conclusion that defendant committed legal malpractice.

Under the admonition that the evidence must be viewed in the most favorable light to the party opposing the motion, this court determines there is a genuine issue as to the damages incurred. The defendant's motion for Summary Judgment must be denied.

## II—PLAINTIFF'S MOTION

■ In considering plaintiffs' motion for Summary Judgment, the Court must view the evidence most favorably to defendant. The facts are clear from the deposition of defendant (attachment A–4 of plaintiffs' motion) in which he admitted forging Mrs. Moore's signature (page 25), the loss of the money gambling in Las Vegas (page 26), forgery of Mrs. Moore's signature on the release (page 25), the settlement of the Moore claims without authorization and preparation of a fabricated complaint (attachment A–4, page 34 and 35) to deceive the Moores into believing suit had been filed before the statute of limitations had run on their claim. Defendant also admitted an embezzlement by stating he never intended not to pay the money back (page 51) and that he lied to Mrs. Moore saying he had filed a lawsuit on her claim in November 1984, when he had not done so. (Attachment A–4 page 57).

The facts construed most favorably for the defendant clearly established illegal conduct and a clear violation of defendant's professional duty to plaintiffs. Defendant was in a fiduciary capacity in representing his client, obtaining funds for her and converting those funds to his own use. From the facts stated and irrespective of the judgment of the Miami County Common Pleas Court, this Court finds that the evidence is clear and convincing that defend-

ant committed fraud against the plaintiffs while acting as their attorney, and committed conversion as a matter of law. The motion for Summary Judgment of Plaintiff should be granted pursuant to 11 U.S.C. § 523(a)(4) on the issue of liability.

■ There remains an issue of fact with regard to the damages. The Plaintiffs have not proved the amount of compensatory damages. The documents are unclear as to the damage plaintiffs sustained, as well as how much Nora Moore received and for what purpose from Grange Mutual Insurance Company on the plaintiffs claim against Rose Pence.

Plaintiffs have demanded in the Complaint in this Court $165,000, plus attorney fees and costs. The Complaint makes no distinction between compensatory damages and punitive damages. In the Miami County Common Pleas Court case plaintiffs demanded $65,000 for actual damages and $100,000 for punitive damages. This court has exclusive jurisdiction to determine the dischargeability of the debt in this case. However, the question of the damages which will comprise the amount of debt is another matter. The damage issue seems peculiarly well suited for a jury since the damages are related to a personal injury. The Common Pleas Court of Miami County, Ohio is especially well suited to deal with the jury question based on personal injury damages and fraud. The Miami County Common Pleas Court should require clear and convincing evidence as the burden of proof in this fraud case. Therefore, this court will abstain from determining the amount of the debt pursuant to 28 U.S.C. § 1334(c)(2). The Common Pleas Court case was temporarily suspended by debtor's filing of the bankruptcy petition before the damage issue was scheduled to be tried before a jury. Within a reasonable period of time the jury can be impaneled in Miami County, Ohio. The action is pending and can be adjudicated in a timely fashion in the state court. Abstention is appropriate action in this case.

For all of the foregoing reasons the debt of Nora and Donald Moore is found to be nondischargeable. The automatic stay is

lifted to permit the Moores' to proceed in the Common Pleas Court of Miami County before a judge and jury to determine the amount of damages which shall determine the amount of the nondischargeable debt. This Court assumes that the damage issue will be tried using the clear and convincing standard of proof as to the damages arising in this case involving fraud.

IT IS SO ORDERED.